UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRACEY McEUEN, <br><br> Plaintiff, <br><br> v. <br><br> RIVERVIEW BANCORP, INC., a Washington corporation; RIVERVIEW COMMUNITY BANK, a Washington nonprofit corporation, <br><br> Defendants. | CASE NO. C12-5997 RJB <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING DEFENDANTS' MOTION TO DISMISS COUNT II |

This matter comes before the Court on Defendants' motion to dismiss Count II of Plaintiff's complaint, i.e. wrongful discharge in violation of public policy.[1] Dkt. 12. Also before

---

[1] Defendants' motion to strike certain prayers for relief (non-pecuniary damages for emotional distress and injury to reputation, has been voluntarily stricken. See Dkt. 19 pp. 4.

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT AND
DENYING DEFENDANTS' MOTION TO
DISMISS COUNT II- 1

the Court is Plaintiff's motion for leave to amend her Complaint. Dkt. 17. The Court has considered the pleadings in support of and in opposition to the motions and the record herein.[2]

## INTRODUCTION AND BACKGROUND

Plaintiff, Tracey McEuen (McEuen), filed a complaint against Defendants Riverview Bancorp, Inc., and Riverview Community Bank (Riverview), asserting causes of action pursuant to Section 806 of the Corporate and Criminal Fraud Accountability Act, Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A(a)(1) and Washington common law prohibiting wrongful discharge against public policy. Dkt. 1.

The facts asserted in McEuen's complaint are as follows. McEuen was hired as an internal auditor for Riverview Bancorp, Inc. in early February 2011. Dkt. 1 pp. 3. McEuen was hired by Riverview to develop internal processes to ensure that the Bank had appropriate controls and procedures in place to meet federal and state reporting and compliance regulations. *Id*. Upon drafting her first reports for the Riverview, McEuen noticed that her reports were being re-written by her supervisor, including the removal of issues found in her audit in order to hide problems or issues at the Bank. Dkt. 1 pp. 4. Within months, another auditor at Riverview quit due to the unlawful changes to the audit reports. Dkt. 1 pp. 5. McEuen reported her concerns to the compliance manager, the Vice-President of Human Resources, and the President of the Bank. *Id*. After noticing that additional falsified records were continuing to be created and discussing Riverview's falsified records with colleagues, McEuen and these colleagues were fired from the Bank in late 2011. Dkt. 1 pp. 6-7.

---

[2] The Court apologizes for any inconvenience to the parties caused by the premature posting of this order. Problems occurred in the Court's chambers management system.

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT AND
DENYING DEFENDANTS' MOTION TO
DISMISS COUNT II- 2

1    McEuen filed a complaint with the Occupational Safety and Health Administration
2 (OSHA) under Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A(b)(1).  Dkt. 1
3 p. 3.  After waiting the statutory period, McEuen filed this action, alleging both a claim for
4 retaliation in violation of the Sarbanes-Oxley Act and a claim for wrongful discharge in violation
5 of public policy under Washington law.  Dkt. 1 pp. 7-9.
6    On December 27, 2012, Defendant Riverview brought the instant motion pursuant to Fed.
7 R. Civ. P. 12(b)(6) to dismiss McEuen's wrongful discharge claim.  Dkt. 12.  Riverview asserts
8 that the Sarbanes-Oxley Act of 2002 provides an adequate means of promoting the public policy
9 interest, and therefore McEuen cannot establish the "jeopardy" element of her wrongful
10 discharge in violation of public policy claim and it should be dismissed.  *Id*. at pp. 1.
11    McEuen filed a response to the motion to dismiss wherein she asserts that her wrongful
12 discharge claim includes both wrongful termination for *reporting* bank fraud and for *refusing to*
13 *perform* unlawful acts.  Dkt. 16 p. 1.  McEuen argues that the only public policy interest
14 promoted by the Sarbanes-Oxley Act is reporting fraud and the refusing to perform illegal acts is
15 a cognizable public policy interest protected by Washington law.  *Id*. at 2, 4-8.
16    Concurrently with the response, McEuen filed a motion for leave to amend the
17 Complaint.  Dkt. 17. This motion seeks to amend the Complaint to clarify the allegations relating
18 to the claim of wrongful discharge in retaliation for refusing to perform unlawful acts.  *Id.*
19    In response, Defendant Riverview argues (1) that McEuen's Complaint fails to allege
20 sufficient facts to state a claim in regard to the refusal to perform unlawful acts and (2) McEuen
21 cannot demonstrate that other means of promoting the public policy are inadequate.  Dkt. 19.
22 Riverview contends that McEuen's motion for leave to amend as a matter of course is untimely
23
24
ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT AND
DENYING DEFENDANTS' MOTION TO
DISMISS COUNT II- 3

1 | and that the Court should deny the motion to amend as the amendment of the Complaint would
2 | be futile. Dkt. 20.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *See also Twombly*, 550 U.S. at 570. A claim has facial plausibility when the party seeking relief pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*, at 678. Secondly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.,* at 679. In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT AND
DENYING DEFENDANTS' MOTION TO
DISMISS COUNT II- 4

inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief. *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).

If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009).

## LEAVE TO AMEND STANDARD

Fed. R. Civ. P. 15(a)(1) permits a party to amend the complaint before being served with a responsive pleading; or within 21 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. In all other cases, Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

While the district court maintains the discretion to decide whether to grant or deny a motion to amend, "leave shall be freely given when justice so requires." See *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). In exercising its discretion, a court must be guided by the underlying purpose of Rule 15 - to facilitate a decision on the merits rather than on the pleadings or technicalities. Thus, the policy of favoring amendments to pleadings should be applied with extreme liberality. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987).

Some limitations exist on this extremely liberal policy favoring amendments. Motions to amend may be denied for the following reasons: (1) undue delay; (2) bad faith or dilatory

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT AND
DENYING DEFENDANTS' MOTION TO
DISMISS COUNT II- 5

1  motives on the part of the movant; (3) repeated failure to cure deficiencies by previous

2  amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed

3  amendment.  *United States v. SmithKline Beecham*, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001);

4  *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001).  Generally,

5  this determination should be performed with all inferences in favor of granting the motion.

6  *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th Cir. 1999).  The party opposing

7  amendment bears the burden of showing prejudice, futility, or one of the other permissible

8  reasons for denying a motion to amend.  *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir.

9  1988); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

10        A proposed amendment to a complaint is futile only if no set of facts can be proved under

11  the amendment that would constitute a valid and sufficient claim.  *Sweaney v. Ada County,*

12  *Idaho,* 119 F.3d 1385, 1393 (9th Cir. 1997).  A party should be afforded an opportunity to test

13  his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the

14  proposed amended pleading would be subject to dismissal.  *Roth v. Garcia Marquez*, 942 F.2d

15  617, 629 (9th Cir. 1991).

16                    **WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

17        The tort of wrongful discharge provides a cause of action "when an employer discharges

18  an employee for reasons that contravene a clear mandate of public policy."  *Korslund v.*

19  *DynCorp Tri–Cities Servs., Inc*., 156 Wn.2d 168, 178 (2005).  The action has generally arisen in

20  the following four situations:

21         (1) where employees are fired for refusing to commit an illegal act; (2) where
           employees are fired for performing a public duty or obligation, such as serving jury
22         duty; (3) where employees are fired for exercising a legal right or privilege, such as
           filing workers' compensation claims; and (4) where employees are fired in retaliation
23         for reporting employer misconduct, i.e., whistleblowing.

24

1 | *Gardner v. Loomis Armored, Inc.,* 128 Wn.2d 931, 936 (1996).

2 |      To prevail on a claim of wrongful discharge in violation of public policy, a plaintiff must

3 | establish: (1) the existence of a clear public policy (the clarity element), (2) that discouraging the

4 | conduct would jeopardize the public policy (the jeopardy element), and (3) that this conduct

5 | caused the discharge (the causation element), and—if the first three elements are met—that the

6 | defendant is not able to offer an overriding justification for the dismissal (absence of justification

7 | element). *Danny v. Laidlaw Transit Servs., Inc.*, 165 Wn.2d 200, 207 (2008); *Briggs v. Nova*

8 | *Servs.*, 166 Wn.2d 794, 802 (2009); *Hubbard v. Spokane County*, 146 Wn.2d 699, 707 (2002).

9 |      In moving to dismiss McEuen's wrongful discharge claim, Riverview argues that the

10 | Complaint, and Proposed Amended Complaint, fail to satisfy the jeopardy element of a wrongful

11 | discharge claim. To establish the jeopardy element, Plaintiff must prove (1) that discouragement

12 | of the conduct in which she engaged would jeopardize the public policy, and (2) "that other

13 | means of promoting the public policy are inadequate." *Korslund*, 156 Wn.2d at 182; *Gardner*,

14 | 128 Wn.2d at 945. "[A] plaintiff must show that other means of promoting the public policy are

15 | inadequate, and that the actions the plaintiff took were the 'only available adequate means' to

16 | promote the public policy." *Cudney v. ALSCO, Inc.*, 172 Wn.2d 524, 530 (2011)

17 |      To determine whether a clear public policy has been violated, the court inquires whether

18 | the employer's conduct contravenes the letter or purpose of a constitutional, statutory, or

19 | regulatory provision or scheme. *Farnam v. CRISTA Ministries*, 116 Wn.2d 659, 668 (1991);

20 | *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 232 (1984). Public policy may also be

21 | established by prior judicial decisions. *Briggs*, 166 Wn.2d at 802. However, courts should

22 | proceed cautiously if called upon to declare public policy absent some prior legislative or judicial

23 | expression on the subject. *Thompson*, 102 Wn.2d at 232. If the party fails to assert a recognized

24 |

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT AND
DENYING DEFENDANTS' MOTION TO
DISMISS COUNT II- 7

1 public policy, he or she has failed to state a claim for which relief can be granted. S*nyder v.*
2 *Med. Serv. Corp. of E. Wash.*, 145 Wn.2d 233, 239 (2001). The issue of whether a clear mandate
3 of public policy exists is a question of law. *Danny v. Laidlaw Transit Servs., Inc.*, 165 Wn.2d
4 200, 207 (2008). The question whether adequate alternative means for promoting the public
5 policy exist also may present a question of law, i.e., where the inquiry is limited to examining
6 existing laws to determine whether they provide adequate alternative means of promoting the
7 public policy. *Korslund*, 156 Wn.2d at 182.

8     In Count II of the Complaint, McEuen alleges that her termination violated
9 "Washington's public policy interests in protecting consumers and investors from fraud, and in
10 protecting the reporting of such fraud by employees consistent with federal whistle-blower
11 statutes." Dkt. 1 pp. 9. To the extent Count II of McEuen's Complaint seeks relief for retaliation
12 for whistle-blowing, this is the precise public policy interest that the Sarbanes-Oxley Act was
13 designed to promote. Thus, there is an adequate alternative means (Sarbanes-Oxley) for
14 promoting the public policy interest in protecting whistle-blowers. 18 U.S.C. § 1514A(a)
15 provides in relevant part:

16     No company . . . or any officer, employee, contractor, subcontractor, or agent of such company, may discharge, demote, suspend, threaten, harass or in any other manner
17     discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee--(1) to provide information, cause information to be
18     provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or
19     1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or
20     assistance is provided to or the investigation is conducted by--(C) a person with supervisory authority over the employee (or such other person working for the employer
21     who has the authority to investigate, discover, or terminate misconduct) . . . .

22     The act further provides that a person who alleges discharge or discrimination by any
23 person in violation of subsection (a) may seek relief by filing a complaint with the Secretary of
24

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT AND
DENYING DEFENDANTS' MOTION TO
DISMISS COUNT II- 8

1  Labor or, if the Secretary fails to issue a decision within 180 days of the filing of the complaint
2  and the complainant has not caused the delay, the person may file an action in the appropriate
3  United States District Court. See 18 U.S.C. § 1514A(b)(1). Remedies include "all relief
4  necessary to make the employee whole." 18 U.S.C. 1514A(c)(1). This relief may take the form
5  of reinstatement at the same level of seniority, back pay with interest, and compensation for any
6  special damages sustained including litigation costs, expert witness fees and reasonable attorney
7  fees.  18 U.S.C. §1514A(c)(2).

8      Thus, Sarbanes-Oxley provides an alternative remedy that promotes the public interest
9  and precludes a wrongful discharge in violation of public policy claim premised on whistle-
10 blowing activities.  See *Nunnally v. XO Communications*, 2009 WL 112849 (W.D. Wash. 2009).
11 To the extent McEuen's wrongful discharge claim is premised on whistle-blowing activity,
12 Count II is subject to dismissal for failure to state a claim.

13     McEuen, however, claims that her wrongful discharge claim is not premised on *reporting*
14 fraud, but on the *refusing to perform illegal acts*, conduct not protected under Sarbanes-Oxley.
15 Dkt. 16 pp. 1-2.  As noted in *Gardner v. Loomis Armored, Inc.,* 128 Wn.2d 931, 936 (1996), it is
16 in contravention of public policy to dismiss employees for refusing to commit an illegal act.  See
17 also *Danny v. Laidlaw Transit Services, Inc*., 165 Wn2d. 2d 200, 208 (2008); *Lins v. Children's*
18 *Discovery Centers of America, Inc*., 95 Wn.App. 486 (1999).  McEuen has stated a claim for
19 wrongful discharge in violation of public policy.

20                    **LEAVE TO AMEND AND FUTILITY**

21     McEuen seeks leave to amend her complaint to clarify the allegations pertaining to the
22 claim of wrongful discharge in violation of public policy.  McEuen's Proposed Amended
23 Complaint would add the following factual allegations:

24
ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT AND
DENYING DEFENDANTS' MOTION TO
DISMISS COUNT II- 9

1    27. During her employment with the Bank, McEuen was repeatedly asked to perform
illegal tasks, such as modification of her reports, withholding critical information, false
2    certifications and other tasks McEuen knew would be in violation of state and federal law
were she to complete them. McEuen refused to comply with the illegal orders requiring
3    [her] to perform unlawful acts.

4  Dkt, 17-1 pp. 7.

5       Count II would be amended to provide that "[t]he Bank terminated McEuen's

6  employment because she refused to perform unlawful acts in violation of the Bank's guidelines

7  and statutory and regulatory requirements and policies." Dkt. 17-1 pp. 9. The proposed

8  amendment further provides that "McEuen's discharge contravened well-defined public policies

9  of the State of Washington, including Washington's public policy interests in protecting

10 consumers and investors from fraud, and protecting from retaliation employees who refuse to

11 engage in unlawful and/or fraudulent conduct." *Id.*

12      McEuen initially argues that she is entitled to amend as a matter of right. Fed. R. Civ. P.

13 15(a)(1) permits a party to amend the complaint before being served with a responsive pleading;

14 or within 21 days after serving the pleading if a responsive pleading is not allowed and the action

15 is not yet on the trial calendar. Here, Riverview filed and served the motion to dismiss Count II

16 on December 27, 2012. Dkt. 12. Plaintiff, therefore, had until January 17, 2013, to file an

17 amendment as a matter of course. McEuen's motion for leave to amend was filed and served on

18 January 18, 2013. Having filed one day beyond the 21 day period, McEuen is not entitled to

19 amend as a matter of right.

20      McEuen may only amend her complaint with leave of the Court. Fed. R. Civ. P. 15(a)(2).

21 Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) without leave to amend is improper unless it is

22 clear that the complaint could not be saved by any amendment. *Moss v. U.S. Secret Service,* 572

23 F.3d 962, 972 (9th Cir. 2009). Motions to amend may be denied on the basis of futility of the

24
ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT AND
DENYING DEFENDANTS' MOTION TO
DISMISS COUNT II- 10

proposed amendment. *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). A proposed amendment to a complaint is futile if no set of facts can be proved under the amendment that would constitute a valid and sufficient claim. *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997).

Here, McEuen's Proposed Amended Complaint alleges that McEuen "refused to perform unlawful acts in violation of the Bank's guidelines and statutory and regulatory requirements and policies." Dkt. 17-1 pp. 9. This is a sufficient basis for stating a claim for relief.

McEuen is required to establish a recognized public policy. To establish a tort of wrongful discharge based on an illegal act, plaintiff must prove (1) the existence of a clear public policy and (2) that discouraging the employee's conduct would jeopardize the public policy. *Korslund v. DynCorp Tri–Cities Servs., Inc.*, 156 Wn.2d 168, 178 (2005); *Hubbard v. Spokane County*, 146 Wn.2d 699, 707 (2002). Plaintiff has provided the public policy of prohibiting retaliation against an employee for refusing to perform illegal acts. See *Danny v. Laidlaw Transit Services, Inc.*, 165 Wn2d. 2d 200, 208 (2008); *Lins v. Children's Discovery Centers of America, Inc.*, 95 Wn.App. 486 (1999). McEuen's Proposed Amended Complaint states a claim to relief that is plausible on its face.

McEuen's motion for leave to file an amended complaint should be granted and Defendants' motion to dismiss count II denied

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1. Defendants' Motion to Dismiss Count II of Plaintiff's Complaint, i.e. wrongful discharge in violation of public policy, (Dkt. 12) is **DENIED.**

2. Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 17) is **GRANTED.**

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT AND
DENYING DEFENDANTS' MOTION TO
DISMISS COUNT II- 11

Dated this 21st day of February, 2013.

_Robert J. Bryan_
ROBERT J. BRYAN
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT AND
DENYING DEFENDANTS' MOTION TO
DISMISS COUNT II- 12