1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11   TRACEY McEUEN,                          CASE NO. C12-5997 RJB

12                    Plaintiff,              ORDER DENYING DEFENDANTS'
                                             MOTION FOR SUMMARY
13        v.                                  JUDGMENT

14   RIVERVIEW BANCORP, INC., a
     Washington corporation; RIVERVIEW
15   COMMUNITY BANK, a Washington
     nonprofit corporation,
16
                     Defendants.
17

18        This matter comes before the Court on Defendants' motion for summary judgment.  Dkt.

19   67.  The Court has considered the pleadings in support of and in opposition to the motions and

     the record herein.
20

21                          **INTRODUCTION AND BACKGROUND**

22        Plaintiff, Tracey McEuen commenced this action against Defendants

23   Riverview Bancorp, Inc., and Riverview Community Bank (Riverview), asserting causes of

24   action pursuant to Section 806 of the Corporate and Criminal Fraud Accountability Act,

ORDER DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 1

1    Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A(a)(1) and Washington common law prohibiting

2    wrongful discharge against public policy.  Dkt. 1.

3           McEuen was hired on February 28, 2011, to be an Internal Auditor and Sarbanes-

4    Oxley Act (SOX) Administrator for Defendant Riverview.  Dkt. 68 p. 7.  McEuen's

5    responsibilities included generating SOX reports, conducting audits of the bank's departments

6    and branches; documenting work, assisting in evaluating the adequacy of internal control

7    systems and compliance with applicable state and federal regulations, identifying findings and

8    recommendations, and preparing reports.  Dkt. 68 p. 9.  McEuen's employment was terminated

9    on October 14, 2011.  Riverview's  justification for the termination was McEuen's violation of

10   Bank policy prohibiting the use of an external hard drive at work.  Dkt. 83-2 pp. 34-35; Dkt. 83-1

11   pp 55-56.

12          McEuen filed a complaint with the Occupational Safety and Health Administration

13   (OSHA) under Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A(b)(1).  Dkt. 1

14   p. 3.  After waiting the statutory period, McEuen filed this action, alleging both a claim for

15   retaliation in violation of the Sarbanes-Oxley Act and a claim for wrongful discharge in violation

16   of public policy under Washington law.  Dkt. 1 pp. 7-9.

17          Riverview moves for summary judgment on both of McEuen's claims.  Riverview argues

18   that McEuen has failed to make a prima facie showing that she engaged in protected activity, or

19   that such conduct was a contributing factor in her termination from employment.  Riverview

20   further argues that the clear and convincing evidence establishes that McEuen would have been

21   terminated for violation of bank policy, regardless of any alleged protected activity.  Dkt. 67 p. 2.

22   McEuen counters with the argument that there exist genuine issues of material fact prohibiting

23   the grant of summary judgment.  Dkt. 82.

24

ORDER DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 2

**SUMMARY JUDGMENT STANDARDS**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn there from, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party. *Idema v. Dreamworks, Inc*., 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* at 248. There must be specific, admissible evidence identifying the basis for the dispute. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc*., 690 F.2d 1235, 1238 (9th Cir. 1980). The mere existence of a scintilla of evidence in support of the party's position is

1  insufficient to establish a genuine dispute; there must be evidence on which a jury could

2  reasonably find for the party. *Anderson*, at 252.

3  **SARBANES-OXLEY ACT**

4  The Sarbanes-Oxley Act's (SOX) whistleblower provision, 18 U.S.C. § 1514A, protects

5  employees of publicly-traded companies from discrimination in the terms and conditions of their

6  employment when they take certain actions to report conduct that they reasonably believe

7  constitutes certain types of fraud or securities violations. *Tides v. The Boeing Co*., 644 F.3d 809,

8  813 (9th Cir. 2011).  18 U.S.C. § 1514A(a) provides in relevant part:

> No company . . . or any officer, employee, contractor, subcontractor, or agent of such
> company, may discharge, demote, suspend, threaten, harass or in any other manner
> discriminate against an employee in the terms and conditions of employment because of
> any lawful act done by the employee--(1) to provide information, cause information to be
> provided, or otherwise assist in an investigation regarding any conduct which the
> employee reasonably believes constitutes a violation of section 1341[mail fraud], 1343
> [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the
> Securities and Exchange Commission, or any provision of Federal law relating to fraud
> against shareholders, when the information or assistance is provided to or the
> investigation is conducted by--(C) a person with supervisory authority over the employee
> (or such other person working for the employer who has the authority to investigate,
> discover, or terminate misconduct) . . . .

The act further provides that a person who alleges discharge or discrimination by any

person in violation of subsection (a) may seek relief by filing a complaint with the Secretary of

Labor or, if the Secretary fails to issue a decision within 180 days of the filing of the complaint

and the complainant has not caused the delay, the person may file an action in the appropriate

United States District Court. See 18 U.S.C. § 1514A(b)(1). Remedies include "all relief

necessary to make the employee whole." 18 U.S.C. 1514A(c)(1). This relief may take the form

of reinstatement at the same level of seniority, back pay with interest, and compensation for any

special damages sustained including litigation costs, expert witness fees and reasonable attorney

fees.  18 U.S.C. §1514A(c)(2).

1    Section 1514A claims are governed by a burden-shifting procedure under which the

2    plaintiff is first required to establish a prima facie case of retaliatory discrimination.  *Tides*, 644

3    F.3d at 813-14.  To make out a prima facie case, the employee must show that: (1) employee

4    engaged in protected activity or conduct; (2) employer knew or suspected, actively or

5    constructively, of the protected activity; (3) employee suffered an unfavorable personnel action;

6    and (4) the circumstances were sufficient to raise an inference that the protected activity was a

7    contributing factor in the unfavorable action.  *Id.* at 814; *Van Asdale v. Int'l Game Tech.*, 577

8    F.3d 989, 996 (9th Cir. 2009); 29 C.F.R. § 1980.104(b)(1)(i)-(iv).  If the plaintiff meets his

9    burden of establishing a prima facie case, then the employer assumes the burden of

10    demonstrating by clear and convincing evidence that it would have taken the same adverse

11    employment action in the absence of the plaintiff's protected activity.  *Tides*, 644 F.3d at 814;

12    *Van Asdale*, 577 F.3d at 996.

13        A prima facie case does not require that the employee conclusively demonstrate the

14    employer's retaliatory motive.  Rather, the employee need only make a prima facie showing that

15    protected behavior or conduct was a contributing factor in the unfavorable personnel action

16    alleged in the complaint.  *Coppinger-Martin v. Solis*, 627 F.3d 745, 750 (9th Cir. 2010); 29

17    C.F.R. § 1980.104(b).

18        Defendant Riverview argues that McEuen has failed to raise a genuine issue of fact that

19    she was engaged in protected activity and that the alleged protected activity was a contributing

20    factor in McEuen's termination.  Dkt. 67 pp. 15-20.

21    **Protected Activity**

22        The Ninth Circuit has stated that "[t]o constitute protected activity under Sarbanes–

23    Oxley, an employee's communications must definitively and specifically relate to one of the

24

ORDER DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 5

1  listed categories of fraud or securities violations under 18 U.S.C. § 1514A(a)(1)." *Van Asdale*,

2  577 F.3d at 996–97.  The employee need not cite a code section he or she believes was violated

3  to trigger the protections of SOX.  *Id.* at 997.  The Ninth Circuit has also stated that "to trigger

4  the protections of the Act, an employee must also have (1) a subjective belief that the conduct

5  being reported violated a listed law, and (2) this belief must be objectively reasonable." *Id.* at

6  1000.

7     McEuen argues that the "definitively and specifically" standard is no longer the test.  In

8  *Van Asdale* the Ninth Circuit adopted the "definitively and specifically" standard from an earlier

9  opinion of the Administrative Review Board of the Department of Labor (ARB).  *Van Asdale*, at

10  996-97.   The ARB has subsequently disavowed the "definitive and specific" evidentiary

11  standard.  *In the Matter of Kathy J. Sylvester et al. v. Parexel In'l LLC*, ARB Case No. 07-123,

12  2011 WL 2165854 at *13-15 (DOL Admin. Rev. Bd. 2011).  In *Sylvester*, the ARB found that

13  the "definitively and specifically" standard "has evolved into an inappropriate test and is often

14  applied too strictly."  *Id.* at 15.  "[T]he critical focus is on whether the employee reported

15  conduct that he or she *reasonably believes* constituted a violation of federal law." *Id.*   The

16  employee must provide information that he or she "reasonably believed related to one of the

17  violations listed in Section 806, and not whether that information 'definitively and specifically'

18  described one or more of those violations." *Id.*

19     The ARB's rejection of the "definitive and specific" standard and the adoption of a

20  "reasonable belief" standard was recognized and given deference by the Third Circuit in *Wiest v.*

21  *Lynch*, 710 F.3d 121, 130-31 (3rd Cir. 2013). The Court in *Wiest* set forth the test as follows: To

22  establish claim under Sarbanes–Oxley Act's whistleblower protection provision, employee must

23  establish not only subjective, good faith belief that his or her employer violated a provision listed

24

1  in SOX, but also that his or her belief was objectively reasonable.  An employee's belief is

2  objectively reasonable when reasonable person with same training and experience as employee

3  would believe that conduct implicated in employee's communication could rise to level of

4  violation of one of SOX's enumerated provisions.  *Id*.

5         Regardless of whether the Ninth Circuit would adopt the rule enunciated in *Sylvester*, the

6  Court finds that there are genuine issues of material fact as to whether McEuen's

7  communications definitively and specifically related to one of the listed categories of fraud or

8  securities violations under 18 U.S.C. § 1514A(a)(1), whether McEuen had a subjective, good

9  faith belief that her employer violated provisions listed in SOX, and that her belief was

10 objectively reasonable.  McEuen has presented evidence that she reported on multiple occasions

11 to several members of Riverview's management that her supervisor, Don Sasaki, was

12 committing fraud.  See Dkt. 83-1 p. 29-30, 49-50, 62, 66-68.   This deposition testimony of

13 McEuen raises issues of fact as to whether Sasaki altered McEuen's audit reports to lessen the

14 severity of the audit findings—which could mislead the Board as to Riverview's actual risks, and

15 materially affect Riverview's financial statements and deceive investors.  McEuen reported that

16 Sasaki was contaminating audits, improperly placing audit findings on "verbal lists," blocking

17 McEuen's update of Defendants' SOX program, and falsifying annual risk assessments and SOX

18 attestations.  McEuen has also presented evidence that she reported to her superiors concerning

19 the unlawful and fraudulent conduct of Krista Holland, VP of Human Resources.  Dkt. 83-1 pp.

20 29-30, 68.

21        The truth of these allegations cannot be determined on summary judgment.  McEuen has

22 established a genuine dispute of material fact as to whether her communications related to bank

23 fraud. See *United States v. Rizk*, 660 F.3d 1125, 1135 (9th Cir. 2011)(setting forth elements of

24

1  bank fraud).    McEuen also raises a genuine issue of material fact demonstrating the

2  reasonableness of her belief's that Sasaki was committing fraud.  Dkt. 83-7 pp. 6-8.

3        **Contributing Factor**

4        A complainant can prove her protected activity contributed to her firing with

5  circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in

6  protected activities and the proximity in time between the protected action and the allegedly

7  retaliatory employment decision.  *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987).

8  When adverse employment decisions are taken within a reasonable period of time after

9  complaints of discrimination have been made, retaliatory intent may be inferred.  *Passantino v.*

10 *Johnson & Johnson Consumer Products, Inc*., 212 F.3d 493, 507 (9th Cir. 2000).  The closeness

11 in time between particular events strengthens the inference of a causal link.  *Yartzoff*, 809 F.2d at

12 1376.  McEuen has presented evidence that less than two months after reporting her concerns, in

13 October 2011, she was terminated from her position.  Dkt. 83-1 pp. 55-56.  McEuen has also

14 presented evidence that deficiencies in her performance were not noted until after she reported

15 the fraudulent conduct of her supervisor, Don Sasaki.  Dkt. 71 pp. 8-9.  McEuen's dismissal

16 occurred less than one month after she reported Holland's allegedly fraudulent HR activities to

17 Riverview's managers and officers.  Dkt. 83-1 p. 30, 68.  McEuen has also raised an issue of fact

18 that Riverview's stated reasons for her termination were a pretext.  McEuen testifies that she was

19 granted permission by Sasaki and the IT personnel to use her external hard drive and other

20 employees understood that she had permission to use it in the performance of her duties.  Dkt.

21 83-1 pp. 51-52, 78; Dkt. 83-5 pp. 6-8.

22

23

24

1   On the current record a fact finder could reasonably determine that the asserted

2   Riverview policy for termination was simply a pretext for unlawful retaliation for McEuen's

3   reporting bank fraud.

4   Plaintiff has raised genuine issues of fact precluding summary judgment.

5   **WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

6   The tort of wrongful discharge provides a cause of action "when an employer discharges

7   an employee for reasons that contravene a clear mandate of public policy." *Korslund v.*

8   *DynCorp Tri–Cities Servs., Inc*., 156 Wn.2d 168, 178 (2005).  The action has generally arisen in

9   the following four situations:

10   (1) where employees are fired for refusing to commit an illegal act; (2) where
     employees are fired for performing a public duty or obligation, such as serving jury
11   duty; (3) where employees are fired for exercising a legal right or privilege, such as
     filing workers' compensation claims; and (4) where employees are fired in retaliation
12   for reporting employer misconduct, i.e., whistleblowing.

13   *Gardner v. Loomis Armored, Inc.,* 128 Wn.2d 931, 936 (1996).

14   To prevail on a claim of wrongful discharge in violation of public policy, a plaintiff must

15   establish: (1) the existence of a clear public policy (the clarity element), (2) that discouraging the

16   conduct would jeopardize the public policy (the jeopardy element), and (3) that this conduct

17   caused the discharge (the causation element), and—if the first three elements are met—that the

18   defendant is not able to offer an overriding justification for the dismissal (absence of justification

19   element).  *Danny v. Laidlaw Transit Servs., Inc*., 165 Wn.2d 200, 207 (2008); *Briggs v. Nova*

20   *Servs*., 166 Wn.2d 794, 802 (2009); *Hubbard v. Spokane County*, 146 Wn.2d 699, 707 (2002).

21   As noted in *Gardner v. Loomis Armored, Inc.,* 128 Wn.2d 931, 936 (1996), it is in

22   contravention of public policy to dismiss employees for refusing to commit an illegal act.  See

23

24

1  also *Danny v. Laidlaw Transit Services, Inc.*, 165 Wn2d. 2d 200, 208 (2008); *Lins v. Children's*

2  *Discovery Centers of America, Inc.*, 95 Wn.App. 486 (1999).

3      McEuen has provided deposition testimony that she refused to participate in conduct that

4  could rise to the level of bank fraud.  Dkt. 83-1 pp. 29-30, 69-70.  As discussed previously,

5  Riverview's justification is subject to evidence indicating that it was a pretext for retaliatory

6  employment action.

7      There are genuine issues of material fact precluding summary judgment on the state law

8  cause of action for discharge in violation of public policy.

9                          **PLAINTIFF'S MOTION TO STRIKE**

10     Plaintiff's motion to strike is denied.  The declarations and exhibits are admissible

11  evidence.

12                                **CONCLUSION**

13     Accordingly, it is hereby **ORDERED**:

14  Defendants' Motion for Summary Judgment (Dkt. 67) is **DENIED.**

15     Dated this 19th day of December, 2013.

16

17                          ROBERT J. BRYAN
                            United States District Judge
18

19

20

21

22

23

24

ORDER DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT- 10