UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRACEY McEUEN,<br><br>                Plaintiff,<br><br>        v.<br><br>RIVERVIEW BANCORP, INC., a Washington corporation; RIVERVIEW COMMUNITY BANK, a Washington nonprofit corporation,,<br><br>                Defendants. | CASE NO. C12-5997 RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS |

This matter comes before the Court on plaintiff Tracy McEuen's Motion for Attorney Fees and Costs. Dkt. 142. The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

**INTRODUCTION AND BACKGROUND**

On November 19, 2012, Plaintiff Tracey McEuen filed this action against Defendants Riverview Bancorp, Inc., and Riverview Community Bank (Riverview), asserting causes of action pursuant to Section 806 of the Corporate and Criminal Fraud Accountability Act,

Sarbanes-Oxley Act of 2002 (SOX), 18 U.S.C. § 1514A(a)(1) and Washington common law prohibiting wrongful discharge against public policy, based on alleged whistleblower retaliation (discharge from employment). Dkts. 1 & 28. The Complaint sought compensatory damages of $400,000.00 for lost income and $1,000,000.00 for non-economic damages, together with reasonable attorney fees for McEuen's attorneys and litigation costs, including expert witness fees. Dkt. 28 pp. 9-10. After the resolution of a number of contentious discovery motions (Dkts. 39, 48, 62, 97), the denial of Defendants motion for summary judgment (Dkt. 96), and on the eve of trial, McEuen accepted, on April 4, 2014, Defendants' Offer of Judgment. Dkt. 140. Pursuant to Rule 68, Judgment was entered for McEuen against Riverview in the sum of $110,000.00, plus "costs, expert witness fees, and reasonable attorney fees available under 18 U.S. Code 1514A(c)(2)(C)." Dkt. 141

On April 24, 2014, McEuen filed the present Motion for Attorney Fees and Costs pursuant to Fed. R. Civ. P. 54(d)(2), 18 U.S.C. § 1514A(c)(2)(C) and RCW 49.48.030. Dkt. 142. McEuen requests an award of $515,864.15 in attorney fees and an award of litigation costs in the amount of $75,345.40, which includes expert witness fees. *Id*. at 1-2.

Riverview objects to the amounts requested, raising nine objections to the attorney fee request and twelve objections to the request for litigation costs. Dkts. 148 & 150.

McEuen subsequently requested an additional award of attorney fees in the amount of $23,770.37 for a total of $539,634.52 in reasonable attorney fees. Dkt. 153. The increase is due to fees incurred in responding to Riverview's objections. *Id*.

**STANDARDS FOR AN AWARD OF ATTORNEY FEES**

Attorney fees under SOX are provided by 18 U.S.C. §1514A(c)(2)(C), which reads:

> An employee prevailing in any action . . . shall be entitled to . . . litigation costs, expert witness fees, and reasonable attorney fees.

In addition, attorney fees in Washington employment actions are provided by RCW 49.48.030, which reads:

> In any action in which any person is successful in recovering judgment for wages or salary owed to him or her, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer. . .

The language of both statutes is mandatory. The Court lacks discretion to deny fees, but retains discretion over the amount of the fees to award. A district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). However, "[t]he district court must provide a concise and clear explanation of its reasons for the fee award." *Id*.

When awarding reasonable attorneys' fees pursuant to "fee-shifting statutes," the district court must balance between granting sufficient fees to attract qualified counsel to litigate, *see City of Riverside v. Rivera*, 477 U.S. 561, 579-80 (1986), and avoiding a windfall to counsel when they succeed, *see Blum v. Stenson*, 465 U.S. 886, 897 (1984). The burden falls on the plaintiff to demonstrate the amount of attorney fees and costs to which he or she is reasonably entitled. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). The plaintiff must "exercise 'billing judgment' with respect to hours worked . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437.

The "lodestar" figure is considered the "guiding light" of fee-shifting jurisprudence. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). In order to determine the lodestar figure, the Court calculates "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The Court excludes from this initial fee calculation hours that were not reasonably expended. *Id*. at 434. Proper exclusions include overstaffed, redundant, or

unnecessary time. *Id.* The Court must also consider the extent of Plaintiffs' success, as that is a "crucial factor" in determining an appropriate award. *Id*. at 440.

After determining the lodestar figure, the Court should then determine whether to adjust the lodestar figure up or down based on any *Kerr* factors that have not been subsumed in the lodestar calculation. *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 69-70 (9th Cir. 1975) cert. denied, 425 U.S. 951 (1976). The twelve Kerr factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Id.* The *Kerr* factors are consistent with the Washington Rules of professional Conduct. See RPC 1.5(a).

Riverview challenges McEuen's calculation of the lodestar figure and raises a number of *Kerr* factors as warranting a reduction in the requested attorney fee award. The Court will initially address the lodestar figure (hourly rate and time expended), and then address Riverview's *Kerr* objections.

**Lodestar Calculation**

    **1.   Reasonable hourly rate**

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003). The rates of comparable attorneys in the forum district are usually used. See *Gates v. Deukmejian*, 987

F.2d 1392, 1405 (9th Cir. 1992). In making its calculation, the Court should also consider the experience, skill, and reputation of the attorney requesting fees. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). The Court is allowed to rely on its own knowledge and familiarity with the legal market is setting a reasonable hourly rate. *Ingram v. Oroudjiam*, 647 F.3d 955, 928 (9th Cir. 2011).

McEuen provides the Court with the following chart indicating the hours expended and rates charged by Plaintiff's counsel and other timekeepers as of April 23, 2014:

| Timekeeper | Experience | Rate | # Hours | Fee |
|---|---|---|---|---|
| *Partner* | | | | |
| Thomas H. Tongue | 46 years | $475.00 | 0.50 | $237.50 |
| George J. Cooper | 42 years | $435.00 | 0.75 | $326.25 |
| J. David Zehntbauer | 18 years | $380.00 | 0.25 | $95.00 |
| JoDee K. Keegan | 17 years | $380.00 | 12.60 | $4,788.00 |
| Allyson S. Krueger | 18 years | $370.00 | 1.50 | $555.00 |
| Anne D. Foster | 15 years | $370.00 | 313.25 | $115,902.50 |
| *Associate* | | | | |
| John T. Miller | 7 years | $270.00 | 52.40 | $14,148.00 |
| Samuel T. Smith | 6 years | $260.00 | 460.9 | $119,834.00 |
| Blair E. McCrory | 6 years | $260.00 | 18.50 | $4,810.00 |
| Joshua D. Stadtler | 4 years | $245.00 | 112.70 | $27,611.50 |
| Mary Anne Nash | 4 years | $245.00 | 66.80 | $16,366.00 |
| Laysan C. Unger | 2 years | $245.00 | 92.65 | $22,699.25 |
| *Paralegal* | | | | |
| Sandra D. Hatch | 30 years | $185.00 | 3.90 | $721.50 |
| Cristi J. Lutjen | 23 years | $185.00 | 0.20 | $37.00 |
| Kelley D. Chaney* | 22 years | $185.00 | 488.60 | $90,391.00 |
| Randall G. Malstrom | 21 years | $185.00 | 1.25 | $231.25 |
| Jamie Morris-Pease | 9 years | $180.00 | 3.60 | $648.00 |
| | | Total | 1,638.35 | $419,401.75 |

Dkt. 143 at 3-4.

Riverview does not challenge McEuen's counsels' hourly rates as set forth. Dkt. 148 at 9. However, McEuen seeks a 23% upward adjustment of these hourly rates for a total requested fee award of $515,864.15. Dkt. 143 at 4. McEuen argues that the adjustment is necessary to bring the Portland firm's hourly rates in line with the prevailing market rate for the

ORDER ON PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND COSTS- 5

1  Seattle/Tacoma community. *Id.* at 4-6; Dkt. 146.  The 23% upward adjustment would provide

2  the lead partner attorney Ann Foster an hourly rate increase from $370 to $455 and the lead

3  associate attorney Samuel Smith an hourly rate increase from $260 to $343.  This upward

4  adjustment is supported by the declaration of McEuen's expert on attorneys' fees, Stephanie

5  Bloomfield. Dkt. 146.  Ms Bloomfield is a partner in the Tacoma office of Gordon Thomas

6  Honeywell.  *Id*. at 2.  Ms. Bloomfield has substantial experience in employment and civil rights

7  litigation in the Western District of Washington and charges an hourly rate of $425.  *Id.* at 2-3, 6.

8  She opines that a range of hourly rates from $350 - $550 have been awarded by the Western

9  District of Washington in the Seattle-Tacoma area.  *Id*. at 6.  Ms Bloomfield also cites to a

10  survey of attorneys in the greater Seattle area, specifically at the law firms of Davis Wright

11  Tremaine, Lane Powell, and Perkins Coie, where the average hourly partner rates are represented

12  as $486, $460 and $550 respectively, and the average hourly associate rates are represented as

13  $304, $295, and $368 respectively.  Dkt. 143 at 4-5; Dkt 146.

14        Riverview objects to this upward adjustment.  Riverview contends that an upward

15  adjustment is unreasonable and not justified  as the normal rates charged by McEuen's counsel

16  are relatively comparable to the rates charged by Riverview's counsel, i.e. $350 for Ryan

17  Hammond and $250 for Jennifer Pirozzi, both who work in the Seattle/Tacoma legal community.

18  Dkt. 148 at 9.  Riverview also argues that Ms Bloomfield's use of her hourly fee is misleading

19  because in the two employment cases she references the majority of the work was performed by

20  another partner who billed at a rate of $375 per hour in both cases, and associates in her firm,

21  who billed between $200 and $275 per hour.  Dkt. 149-10; Dkt. 149-11.  Riverview also

22  questions the relevancy of the survey of attorney hourly rates because the firms reviewed are

23  large defense firms with a practice that is national in scope.  The survey also fails to reveal the

24

practice areas of the attorneys surveyed. Dkt. 148 at 9. Here, the survey has little relevance in the determination of a reasonable hourly rate.

This Court has familiarity with the legal market in this community. The Court recently approved an hourly rate of $325 for counsel's work in an employment discrimination case. See *Castellano v. Charter Communications, LLC*, 2014 WL 1569242 (W.D. Wash. 2014).

The Court finds that McEuen's counsels' standard hourly rates reflect prevailing market rates in the Western District of Washington. The Court will deny the request for a 23% upward adjustment.

Riverview also challenges the hourly rate charged by the paralegals employed by McEuen's counsel , ranging from $180 and $185. Defendant also contends that the amount of paralegal time spent in this litigation is excessive.  McEuen argues that the paralegal fees, amounting to $92,028.75 should be substantially reduced. Dkt. 148 pp. 10-11.

Paralegal fees are properly considered a part of an attorney fee award and are to be assessed at market rates that prevail in the community. *Missouri v. Jenkins*, 491 U.S. 274, 284-89 (1989). McEuen has presented evidence that paralegals' work in the Western District of Washington is billed at rates of $175 to $225/hour. Dkt. 146 At 8. McEuen also offered a survey from the Oregon Paralegals Association that supports an hourly rate of $185. Dkt. 144 at 2; Dkt. 144. The paralegal rates sought herein are reasonable.

The appropriate hourly rate of attorney compensation is the standard rate charged by McEuen's counsel. This rate is reflected as follows:

| Timekeeper | Experience | Rate |
|---|---|---|
| *Partner* | | |
| Thomas H. Tongue | 46 years | $475.00 |
| George J. Cooper | 42 years | $435.00 |
| J. David Zehntbauer | 18 years | $380.00 |
| JoDee K. Keegan | 17 years | $380.00 |
| Allyson S. Krueger | 18 years | $370.00 |

| Anne D. Foster | 15 years | $370.00 |
| --- | --- | --- |
| *Associate* | | |
| John T. Miller | 7 years | $270.00 |
| Samuel T. Smith | 6 years | $260.00 |
| Blair E. McCrory | 6 years | $260.00 |
| Joshua D. Stadtler | 4 years | $245.00 |
| Mary Anne Nash | 4 years | $245.00 |
| Laysan C. Unger | 2 years | $245.00 |
| *Paralegal* | | |
| Sandra D. Hatch | 30 years | $185.00 |
| Cristi J. Lutjen | 23 years | $185.00 |
| Kelley D. Chaney* | 22 years | $185.00 |
| Randall G. Malstrom | 21 years | $185.00 |
| Jamie Morris-Pease | 9 years | $180.00 |

**2. Hours reasonably expended.**

Having determined the appropriate hourly rates of compensation the Court must determine the reasonable number of hours expended. See *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). At the outset, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

Riverview objects to attorney fees that reflect duplicative efforts by multiple attorneys. Dkt. 148 at 3-4. A court may reduce the number of hours awarded where the prevailing party requests hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, at 434. However, as the Ninth Circuit has observed:

> It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Riverview does not cite to any particular billing entries that it believes reflect unnecessarily duplicative work. Furthermore, a

district court "may not set the fee based on speculation as to how other firms would have staffed the case." *Moreno*, 534 F.3d at 1114. This proposed reduction is rejected.

Riverview objects to the number of hours credited to interoffice meetings and communications. Dkt. 148 at 4-5. This proposed reduction is rejected. The number of billing entries for intra-office communications identified by Riverview do not appear excessive in light of the nature of this case. Furthermore, collaborating with others and jointly formulating legal theories is an intrinsic part of litigation success.

Riverview objects to an award of fees for time spent on unfiled or unsuccessful motions. Dkt. 148 p. 5. The Court rejects this proposed reduction. Drafting motion pleadings that may not achieve the desired result is an ordinary part litigation and time spent in this pursuit is recoverable pursuant to fee shifting statutes.

Riverview objects to an award of fees for time spent subsequent to the Riverview's service of the offer of judgment on April 1, 2014. Dkt. 148 at 5. McEuen argues that the cut-off date is the date of acceptance of the offer of judgment, April 4, 2014. Dkt. 156 at 5-6. The cut-off date is ordinarily the date the offer of judgment is extended to the plaintiff. However, in the present circumstance, McEuen is entitled to post-offer attorney fees and expert witness fees incurred in presenting the present motion. See *Marek v. Chesny*, 473 U.S. 1, 9 (1985); *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995); *Bradford v. HSBC Mortgage Corp.*, 859 F. Supp. 2d 783 (E.D. Va. 2012).

Riverview objects to the amount of time spent by McEuen's counsel in preparing the federal complaint, preparing the mediation statement and briefing motions *in limine*. Dkt. 148 at 5-6. More specifically, Riverview argues that the OSHA complaint and subsequent federal complaint are substantially the same, and, therefore, the $11,762.00 in fees incurred for preparation of the complaint is excessive. *Id*. Riverview also contends that $14,398.00 for the mediation

statement, and $27,594.00 for the motions *in limine,* should be substantially reduced because the time expended is excessive. *Id.* The Court rejects these contentions. The time spent in drafting these documents appears reasonable.

Riverview objects to an award of fees for "block billing" representing fees of $42,905.00 and "unaccounted time" representing fees in the amount of $8,169.50. Dkt. 148 at 6-7. It is well-established that the fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. See *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). However, the work that Defendant characterizes as "pervasive block billing" in this case is unfairly characterized. McEuen's counsel submitted detailed accounts of all work done on McEuen's case. Most of the items on Riverview's list of "block billing" are under an hour. When the time billed is more than one hour, counsel usually identifies two or three different tasks that were accomplished in that particular span of time, which is common in private practice. See Dkt. 149-4. These entries are not "block billing" in the negative sense of the term as they cover relatively limited amounts of time and give sufficient information for the Court to assess the nature of the work done. Furthermore, lawyers are not required to record in great detail how each minute of their time is spent on a case; rather, they must only provide enough evidence to show that the effort expended during those hours was reasonable. See *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 690 (9th Cir. 2012). The Court will not reduce the number of hours for block billing.

Riverview has identified a number of timekeeper entries reflecting unaccounted time and fees. Dkt. 149-5. McEuen has not presented sufficient detail, nor rebutted this evidence, to justify an award of fees for time that is not documented. The fees for this undocumented time, $8,169.50, will be deducted from the lodestar figure.

Riverview objects to the fees incurred in the preparation of a privilege log. Dkt. 148 p. 7. This objection is based on a discovery order that provides that McEuen produce a privilege log, "at Plaintiff's own expense." Dkt. 47. The fact that the Court required McEuen to produce the privilege log at her expense does not mean that attorney fees incurred in its preparation cannot be later recouped as an award to the prevailing party. Attorney time reasonably expended in discovery is recoverable under the fee shifting statutes.

Riverview requests that the number of paralegal hours be reduced because they are excessive. Other than argument, Riverview has presented no substantive evidence that the amount of time expended by the paralegals is excessive.

The time spent by McEuen's counsel, including paralegals, appears reasonable. The lodestar figure is reflected as follows:

| Timekeeper | Experience | Rate | # Hours | Fee |
|---|---|---|---|---|
| *Partner* | | | | |
| Thomas H. Tongue | 46 years | $475.00 | 0.50 | $237.50 |
| George J. Cooper | 42 years | $435.00 | 0.75 | $326.25 |
| J. David Zehntbauer | 18 years | $380.00 | 0.25 | $95.00 |
| JoDee K. Keegan | 17 years | $380.00 | 12.60 | $4,788.00 |
| Allyson S. Krueger | 18 years | $370.00 | 1.50 | $555.00 |
| Anne D. Foster | 15 years | $370.00 | 313.25 | $115,902.50 |
| *Associate* | | | | |
| John T. Miller | 7 years | $270.00 | 52.40 | $14,148.00 |
| Samuel T. Smith | 6 years | $260.00 | 460.9 | $119,834.00 |
| Blair E. McCrory | 6 years | $260.00 | 18.50 | $4,810.00 |
| Joshua D. Stadtler | 4 years | $245.00 | 112.70 | $27,611.50 |
| Mary Anne Nash | 4 years | $245.00 | 66.80 | $16,366.00 |
| Laysan C. Unger | 2 years | $245.00 | 92.65 | $22,699.25 |
| *Paralegal* | | | | |
| Sandra D. Hatch | 30 years | $185.00 | 3.90 | $721.50 |
| Cristi J. Lutjen | 23 years | $185.00 | 0.20 | $37.00 |
| Kelley D. Chaney* | 22 years | $185.00 | 488.60 | $90,391.00 |
| Randall G. Malstrom | 21 years | $185.00 | 1.25 | $231.25 |
| Jamie Morris-Pease | 9 years | $180.00 | 3.60 | $648.00 |
| | | **Total** | **1,638.35** | **$419,401.75** |
| | | **Undocumented time deduction** | | **$8,196.50** |
| | | **Lodestar figure** | | **$411,205.25** |

ORDER ON PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND COSTS- 11

**Adjustments for *Kerr* Factors**

The final step in fee assessment is evaluating whether to enhance or reduce the presumptively reasonable lodestar figure based on the Court's evaluation of those *Kerr* factors not subsumed in the lodestar calculation. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

**1. Time and Labor**

The first *Kerr* factor, time and labor required, is subsumed in the lodestar calculation and need not be addressed.

**2. Novelty and Difficulty**

McEuen asserts that SOX claims are difficult to win and that there is little precedent in this area of the law. Riverview disputes this assertion. While McEuen's observations are correct, this item is reflected in the volume of hours billed, and does not justify an upward adjustment.

**3. Skill**

The requisite skill required to perform the legal services are reflected in the fees charged by McEuen's counsel and subsumed in the lodestar calculation.

**4. Preclusion of Other Employment**

There is no significant evidence of the preclusion of other employment.

**5. Customary Fee**

Issues relating to counsels' customary fee and that of the customary fee charged in the locality are subsumed in the lodestar calculation.

**6. Fixed or Contingent Fee**

McEuen's counsel has not addressed this factor.

**7. Time Limitations**

The time constraints do not appear to be to involve a substantial departure from standard employment discrimination claims. The Court finds this factor neutral.

**8. Amount Involved and the Results**

The acceptance of the offer of judgment reveals a modest recovery. Although the judgment is not substantial, this litigation was hotly contested from the outset with numerous motions up to the eve of trial, and the substantial fund at risk in the litigation

**9. Experience, Reputation, and Ability**

The experience, reputation and ability of counsel is reflected in their hourly rates and subsumed in the lodestar calculation.

**10. Undesirability**

McEuen's counsel argues that the difficulty of prevailing on a SOX claim makes them undesirable. Riverview disputes this assertion. The Court finds this factor neutral.

**11. Nature and Length of Relationship**

No evidence has been submitted regarding the nature and length of McEuen's relationship with her counsel.

**12. Awards in Similar Cases.**

No evidence has been submitted concerning awards in similar cases.

On balance, consideration of the *Kerr* factors does not warrant an adjustment to the lodestar calculation.

**Supplemental Attorney Fees**

McEuen seeks $23,770.37 in supplemental attorney fees for 67.70 hours expended on the recovery of fees and costs incurred in seeking the fee award. Dkt. 153 at 10; Dkt. 157-17. It is well settled in the Ninth Circuit that a party pursuing its right to attorney fees and costs is allowed to recover the time spent preparing and arguing the petition for fees and costs with the court. *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995); *McGrath v. County of Nevada*, 67 F.3d 248, 253 (9th Cir. 1995). McEuen is entitled to an award of attorney fees for the presentation of this motion. However, because this request includes the previously rejected 23% upward locality adjustment, the Court will reduce the award accordingly, resulting in a supplemental attorney fee award of **$19,325.50.**

**Conclusion on Attorney Fee Award**

McEuen is entitled to an attorney fee award of **$430,530.75**. This calculation takes in consideration the lodestar figure and the *Kerr* factor enhancements or reductions to the lodestar. The prejudgment attorney fee award is $411,205.25 and the supplemental award of fees for post judgment proceedings is $19,325.50.

## LITIGATION COSTS AND EXPERT WITNESS FEES

McEuen filed a combined motion for attorney fees and costs. Dkt. 142. Riverview's initial objection to an award of costs is that McEuen failed to file a separate cost bill with the Clerk as required by LCR 54(d)(1) and that many of the proposed costs are outside the scope of recoverable costs pursuant to 28 U.S.C. § 1920. Dkt. 150 at 1-4.

McEuen's request for an award of costs is not governed by the taxable costs statute, 28 U.S.C. § 1920. McEuen seeks litigation costs pursuant to 18 U.S.C. §1514A(c)(2)(C), which provides:

> An employee prevailing in any action . . . **shall be entitled to . . . litigation costs, expert witness fees**, and reasonable attorney fees.

As indicated in Ninth Circuit precedent, where a statute specifically provides for recovery of costs of an action, such costs include reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as "costs" under 28 U.S.C. § 1920. *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins.*, 460 F.3d 1253, 1257 (9th Cir. 2006). Expenses under 18 U.S.C. §1514A(c)(2)(C) may be greater than taxable costs. Additionally, LCR 54(d)(1) refers to the general procedure of filing a cost bill with the Clerk for "taxable" costs. The Clerk typically will not tax costs beyond those set forth in the taxable costs statutes, 28 U.S.C. §§ 1920, 1921, 1923, 1927, and 2412. "A party seeking additional costs may file a motion, directed to the court, seeking an award of the excess costs." LCR 54(d). In accordance with these procedures, McEuen was not required to file a separate cost bill with the Clerk. The combined motion was in accordance with Court procedure.

While McEuen is entitled to litigation costs and expert witness fees as the prevailing party, she must document or otherwise substantiate the litigation costs.

McEuen moves for an award of litigation costs in the amount of $79,908.90, a sum which includes expert witness fees. Dkt. 142; Dkt. 157. McEuen requests recovery of the following costs: (a) fees of the clerk; (b) fees for service of summons and subpoenas; (c) fees for printed or electronically recorded transcripts; (d) fees and disbursements for photocopies, scans and color copies; (e) ESI fees/Streamline Imaging; (f) DVD duplication and certified mail; (g) delivery charges; (h) online research; (i) deposition fees (appearance and videographer); (j) medical records; (k) fees for witnesses; and (l) expert fees. Dkt. 147-1. A summary of these expenses follows:

| | |
|---|---|
| Copies & scans | $632.85 |
| Delivery Charges | $45.18 |
| DVD/CD creation | $36.00 |
| Certified Mail | $32.10 |
| Appearance Fee - deposition | $1,722.50 |
| Online Research | $3,769.44 |
| Deposition - videographer | $1,382.00 |
| Filing Fee | $350.00 |
| Streamline Imaging | $20,904.16 |
| Expert Fees | $44,659.67 |
| Service Fee | $1,485.23 |
| Transcript | $4,217.50 |
| Witness Fee and Mileage | $647.27 |
| Medical Records | $25.00 |
| Total Litigation Costs | $79.908.90 |

McEuen has provided the invoices for each of these categories. Dkt. 157-4 through Dkt. 157-14. Riverview objects to a number of these items. First, Riverview objects to an award of the costs for the expense of service of summons and subpoenas. Dkt. 150 at 5. These claimed expenses are adequately documented (Dkt. 157-10) and were incurred as a result of this litigation. McEuen is entitled to an award of costs for service of summons and subpoenas.

Riverview objects to the recovery of the costs for printed or electronically recorded transcripts. Dkt. 150 at 6. McEuen has properly documented the costs of these deposition transcripts (Dkt. 157-11; Dkt. 157-12) that were either used in the summary judgment proceedings or prepared for trial. These transcripts are recoverable costs of litigation.

Riverview objects to a request for $639.35 in fees and disbursements for photocopies, scans and color copies. Dkt. 150 at 6. This objection has merit. McEuen has failed to adequately document these charges. The Court will deduct $639.35 from the award of litigation costs.

Riverview objects to EIS fees/Streamline Imaging. Dkt. 150 at 6-7. These costs are documented (Dkt. 157-8) and were incurred as a cost of litigation.

Riverview objects to an award of $68.10 in costs for DVD duplication and certified mail. Dkt. 150 at 7. This objection has merit. McEuen has failed to adequately document these charges. The Court will deduct $68.10 from the award of litigation costs.

Riverview objects to $45.18 in delivery charges. Dkt. 150 at 7. These costs are documented (Dkt. 157-4) and were incurred as a result of this litigation.

Riverview objects to online research fees. Dkt. 150 at 7. These costs are documented (Dkt. 157-5) and are recoverable as litigation costs. See *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins*., 460 F.3d 1253 1257-58 (9th Cir. 2006).

Riverview objects to an award of the costs of depositions, i.e. appearance fees and video recording. Dkt. 150 at 8. McEuen has documented these costs with invoices ( Dkt. 157-6; Dkt. 157-11) and they are properly considered a cost of litigation.

Riverview objects to an award of $25.00 in costs incurred in procuring McEuen's medical records. Dkt. 150 at 8. This cost is documented (Dkt. 157-14) and considered a cost of litigation.

Riverview objects to $647.27 in fees for witnesses. Dkt. 150 at 8-9. These witness expenses are documented (Dkt. 157-13) and were an expense of litigation. The offer of judgment was made on the eve of trial and McEuen had already incurred the costs of witness attendance.

Riverview objects to the request for the recovery of $44,659.67 in expert witness fees. Dkt. 150 at 9-11. Dkt. 157-9; Dkt. 157-18. These expert fees include the costs of McEuen's attorney fee expert, Stephanie Bloomfield, employed for the purpose of the present motion. Dkt

157-9. at 10-14. Riverview's argument in opposition to the expert witness fees is without merit. McEuen has provided documentation of her expert witness fees. Costs, including expert witness fees are appropriately awarded for this post judgment motion seeking an award of fees and litigation costs.

**Conclusion on Costs**

McEuen's request for $79,908.90 in litigation costs is reduced by $68.10 for insufficiently documented costs of DVD duplication and certified mail, and $639.35 in insufficiently documented fees for photocopies, scans and color copies. Applying these deductions results in a total litigation cost award of **$79,201.45**.

## CONCLUSION

The Court finds that nearly all of the fees and costs sought by McEuen were reasonably incurred in this matter and should be recovered without deduction or penalty. In approving the lodestar figure proposed by McEuen, with the exception that an upward locality adjustment is unwarranted and the deduction of fees for unaccounted for hours, the Court notes that the billing records submitted in support of the fee request specifically sets forth the tasks that were performed, the time spent on the tasks, the person who performed the task, and the rates requested by that attorney or paralegal. Similarly, except for a couple of minor expenses, the costs incurred were specifically detailed and explained, including amounts, dates of expenses, and the identity of the persons or entities paid. For the foregoing reasons, it is hereby

**ORDERED:**

Plaintiff's Motion for Attorney Fees and Costs (Dkt. 142) is **GRANTED AS MODIFIIED.** Plaintiff is awarded **$430,530.75** in attorney fees and **$79,201.45** in litigation costs.

Dated this 27th day of May, 2014.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR
ATTORNEY FEES AND COSTS- 19